UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

JOSEPH PANARA,

                Plaintiff,

vs.

UNITED RECOVERY SYSTEMS, LP

                Defendant.
_____

Civil Action No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT

### *INTRODUCTION*

1. This is an action for damages brought by individual consumers for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### *JURISDICTION AND VENUE*

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202. Venue in this District is proper in that Defendant transacts business here and the conduct complained of occurred here.

### *PARTIES*

3. Plaintiff, Joseph Panara, is a natural person residing in West Seneca, Erie County, State of New York.

4. Defendant, United Recovery Systems, LP, is a collection agency engaged in the business of collecting consumer debts in this state with its principal place of business located at 5800 North Course Drive, Houston, Texas. The principal purpose of United Recovery Systems, LP is the collection of consumer debts in this state and United Recovery Systems, LP regularly attempts to collect debts alleged to be due another.

5. Defendant United Recovery Systems, LP is engaged in the collection of debts from consumers using the mail and telephone. Defendant United Recovery Systems, LP regularly attempts to collect consumer debts alleged to be due another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

*FACTUAL ALLEGATIONS*

7. Within the last year, Defendant, United Recovery Systems, LP called Plaintiff. Defendant demanded payment from Plaintiff pertaining to an alleged debt incurred solely in the name of Plaintiff's wife.

8. Defendant advised Plaintiff that he was an authorized user and therefore responsible for his wife's debt. Said aforementioned statement is untrue and is therefore deceptive because only an account holder has any liability for payment of such use on a credit account. Authorized users have no such liability.

9. At the time of Defendant's actions, Plaintiff's wife, who is very ill, was in hospice.

10. Defendant informed Plaintiff that if he did not pay on his wife's alleged account, they would contact his wife in hospice.

11. Plaintiff suffered from anxiety, stress, nausea, and loss of sleep due to worrying if Defendant would harass Plaintiff's wife in hospice.

12. Defendant informed Plaintiff that, because New York is a community property state, Plaintiff is responsible for his wife's debt.

13. However, New York is not a community property state, and since New York is not a community property state, there is no basis for holding a consumer liable on the other spouse's credit card debt. As a result, Defendant's statements were deceptive, false and untrue.

14. Defendant also advised Plaintiff that if he did not pay the Defendant, the account would "go against his credit." In other words, the Plaintiff was threatening the Defendant with false credit reporting. However, since authorized users are not responsible for payment, such nonpayment on the alleged account could not adversely affect Plaintiff's credit. Thus, under the FDCPA, said statement is deceptive, false and untrue.

15. Defendant suffered severe emotional distress, anxiety, stress and nausea. Defendant's harassment of Plaintiff was made in an attempt to scare and coerce Plaintiff into paying on an alleged consumer account for which he is not responsible.

16. These false statements, as conveyed by the Defendant to the Plaintiff, confused and worried the Plaintiff. According to the FDCPA's least sophisticated consumer standard, such false and incorrect statements are deceptive.

17. As a result of the aforementioned acts outlined above, Plaintiff suffered a great deal of emotional distress, nausea, stress, anxiety and loss of sleep.

*FIRST CLAIM FOR RELIEF*

18. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs one (1) through seventeen (17) above.

19. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

20. Defendant violated 15 U.S.C. § 1692 by using false representations and deceptive means to collect a debt.

21. Defendant violated 15 U.S.C § 1692e by deterring Plaintiff from seeking a defense to Defendant's collection actions.

22. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the legal status of an alleged debt.

23. Defendant violated 15 U.S.C. § 1692e by giving the Plaintiff misleading legal advice.

WHEREFORE, Plaintiff, Joseph Panara, respectfully requests that judgment be entered against Defendant, United Recovery Systems, LP, for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Cost and reasonable attorney fees pursuant to 15 U.S.C. § 1692k;

E. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Joseph Panara, demands trial by jury in this action.

Dated:  June 20, 2011

/s/ Jason A. Shear
Jason A. Shear, Esq.
Brent & Shear, P.C.
*Attorneys for Plaintiff*
3957 Main Street, Second Floor
Buffalo, NY 14226
Phone: (716) 566-8988
Email: jshear@shearlawfirm.com

/s/ Carol A. Brent
Carol A. Brent, Esq.
Brent & Shear, P.C.
*Attorneys for Plaintiff*
3957 Main Street, Second Floor
Buffalo, NY 14226
Phone: (716) 566-8988
Email: cbrent@brentandshear.com